[S. F. No. 16664. In Bank. Mar. 19, 1942.]

JAMES P. CONNELL, Plaintiff and Appellant, v. E. L. BOWES et al., Respondents; HAROLD C. HOLMES, JR. et al., Cross-Defendants and Appellants.

James R. Agee for Appellants.

Bradford M. Melvin, Charles A. Christen, T. J. Keegan, Walter Christie and J. Paul St. Sure for Respondents.

GIBSON, C. J.—In this action plaintiff filed an amended complaint asking for specific performance of an option to sell capital stock of a corporation, for an accounting, and for an injunction. Defendants filed an answer and a cross-complaint for damages, bringing in further parties as cross-defendants. Judgment was entered for the plaintiff, but the lower court subsequently granted a new trial on the ground of insufficiency of the evidence to sustain the judgment. Plaintiff and cross-defendants appealed from the order granting a new trial, and defendants made this motion to dismiss the appeal on the ground that the order was nonappealable under sec-

tion 963, subdivision 2, of the Code of Civil Procedure, which permits an appeal from an order granting a new trial only where a jury trial is a matter of right.

 An inspection of the record discloses that the amended complaint purports to state a cause of action of an equitable nature, in which jury trial is not a matter of right. The cross-complaint, on the other hand, asked for damages, and although equitable relief in the form of cancellation of the option might also be allowed thereunder, the pleading purports to state a cause of action of a legal nature in which, if pursued independently, a jury trial would be a matter of right. Whether any cause of action is stated by the pleadings need not be determined upon this motion, and the sole question, therefore, is whether the interposition by defendant in an equity action of a cross-complaint of a legal nature will entitle either party to a jury trial of the legal issues raised by the cross-complaint, thus authorizing an appeal from the order granting a new trial.

Defendants, in contending that the cause is essentially equitable in nature, that it is not changed in character by the filing of the cross-complaint, and that, therefore, there is no right to a jury trial, rely principally upon the case of *Bettencourt* v. *Bank of Italy*, 216 Cal. 174 [13 P. (2d) 659], which states that where the gist of the action is equitable, the plaintiffs' prayer for damages is merely incidental to the relief sought and there is no right to a jury trial. It is now established in this state, however, that if a complaint states two complete rights of action, one legal and one equitable, a jury trial may be obtained upon the issues raised by the legal cause. (See *Pacific Western Oil Co.* v. *Bern Oil Co.*, 13 Cal. (2d) 60, 66-69 [87 P. (2d) 1045], which expressly overrules the Bettencourt case, insofar as the same is in conflict with views expressed therein.) Also, in *Farnsworth* v. *Hunter*, 11 Cal. (2d) 27, 31, 32 [77 P. (2d) 840], this court said that upon amendment of an equitable action so as to include a cause for damages the right to a jury trial on the latter issue could then have been asserted. The earlier California decisions upon the point are conflicting. Both lines of authority are cited in *Union Oil Co.* v. *Reconstruction Oil Co.*, 20 Cal. App. (2d) 170, at p. 190 [66 P. (2d) 1215], which followed *Bettencourt* v. *Bank of Italy, supra,* and which was also disapproved in the Pacific Western Oil Company case.

■ Even more pertinent to the present question, however, is the opinion of this Court in *Thomson* v. *Thomson,* 7 Cal. (2d) 671 [62 P. (2d) 358, 117 A. L. R. 1]. This was an action to quiet title to real property under Code of Civil Procedure, section 738, and it was determined that, under the circumstances, the complaint presented issues which were purely equitable. A cross-complaint was filed stating a cause of action in ejectment and presenting purely legal issues. In summarizing the rules of law involved, this Court said (p. 681): ''If plaintiff is in possession, and the defendant by answer or cross-complaint seeks to eject the plaintiff and recover possession, the action involves both equitable and legal issues. The issues arising out of plaintiff's cause of action are equitable, and those resulting from defendant's answer and cross-complaint are legal. In such an action the plaintiff is entitled to have the equitable issues tried by the court without a jury, and the defendant is entitled to have the legal issues submitted to a jury.'' The logic of the opinion in that case is persuasive, notwithstanding the fact that the court upheld a denial of a jury trial on the ground that the lower court properly first passed upon the equitable issues, and determined that plaintiff was the owner of the property involved, thus leaving nothing for a jury to try.

Most of the courts in other jurisdictions have taken a contrary view and have held that the filing of a legal counterclaim or cross-complaint in an equity action does not entitle either party to demand a jury trial, but the decisions to some extent depend upon local statutory and constitutional provisions and are not necessarily applicable here. Also, many of these cases were decided upon the theory that once equity has assumed jurisdiction, it may retain it for all purposes. The practical problem presented by this rule is solved by the trial procedure outlined by Justice Henshaw in *Angus* v. *Craven,* 132 Cal. 691, 699 [64 Pac. 1091], approved by the Thomson case, whereby the equitable issues are tried first and then, if any legal issues remain, a jury may be called. (See also note 25 Cal. L. Rev. 565, 572; James, *Trial by Jury and the New Federal Rules of Procedure* (1936), 45 Yale L. Jour., 1022, 1033, 1034.) Moreover, it does not seem desirable to force a party to give up his right to a jury trial as an alternative to utilizing the advantages of modern code procedure designed to permit settlement of various issues in a single action.) See (1937) 85 U. of Pa. L. Rev. 738;

James, *op. cit. supra,* at p. 1036.)

The motion is denied.

Shenk, J., Curtis, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.