125 P.2d 711

**QUINTANA v. VIGIL et al.**

No. 4678.

Supreme Court of New Mexico.

April 29, 1942.

Jose E. Armijo, of Las Vegas, for appellants.

Noble & Spiess, of Las Vegas, for appellee.

SADLER, Justice.

The plaintiff, who is appellee here, sued Jose S. Vigil and Valentina B. de Vigil, his wife, and Ramon F. Vigil and Ignacita Sena de Vigil, his wife, seeking to quiet title to described real estate. The complaint was in statutory form and did not affirmatively disclose whether the plaintiff was in or out of possession. The defendants, Jose S. Vigil and wife, answered denying plaintiff's title and by cross complaint sought a decree quieting their own title as against him. The defendants, Ramon F. Vigil and wife, answering likewise, denied plaintiff's title and, as an affirmative defense, set up their own claim to a part of the property, asking that the same be adjudged superior to any right, title or claim of his. Both sets of defendants alleged themselves to be in possession of the property claimed by them, respectively. Jose S. Vigil and wife also pleaded adverse possession for the statutory period; and Ramon F. Vigil and wife, that they were holding under the other Vigils. Formal replies by plaintiff denying all affirmative allegations of the separate answers and cross complaint made up the issues and thereby closed the pleading of the parties.

Thus the matter stood on May 19, 1941, nearly two months after filing of the answers, when each set of defendants filed separate motions to dismiss on the ground that a suit to quiet title could not be maintained by plaintiff because their answers "set up title, possession and right to possession to the land described in the complaint, in them", and that plaintiff had a plain, adequate and complete remedy at law by ejectment. On the same date all four defendants joined in a petition filed in the cause entitled, "Petition for Trial by Jury", in which it was stated that defendants "hereby demand trial by jury in the above entitled and numbered cause". On May 22, 1941, after hearing on the separate motions and petition, orders were entered denying each motion to dismiss and the petition for jury trial as well.

Thereafter, on June 9, 1941, the cause came on for trial before the court without a

jury. Prior to the introduction of any testimony, however, the defendants renewed orally their motions to dismiss and their petition for a jury trial, setting up the same grounds previously urged. The motions and petition again were denied. Likewise, when plaintiff rested and at the conclusion of taking testimony as both sides rested, the motions to dismiss were renewed, the defendants urging that a suit to quiet title was inappropriate, ejectment being the proper remedy. These oral motions met the same fate as their predecessors.

The trial concluded, the court adopted formal findings reciting among other things that plaintiff was the fee simple owner of the real estate involved, deraigning title thereto from the sovereignty; that the defendants, Ramon F. Vigil and wife, claimed through the defendant, Jose S. Vigil, but had wholly failed to show in themselves any color of title whatever; and that the defendants, Jose S. Vigil and wife, had failed to show possession of the real estate, under color of title, with the usual elements necessary to establish title by limitations, for ten years or more prior to the filing of plaintiff's complaint. The conclusion of law which logically followed was adopted by the court to the effect that plaintiff owned said real estate in fee simple as against all defendants. Decree was entered accordingly to review which the defendants prosecute this appeal.

The defendants assert they are chiefly aggrieved by the action of the trial court in turning a deaf ear to their several importunities for a dismissal of the complaint, or for a jury trial in the cause as it stood. Unquestionably, they made vocal as well as written claim to this alternative relief. We mention the two rulings sought as alternative because they are obviously so. If the action of the trial judge in denying the motions to dismiss was not an abuse of judicial discretion residing in him, it would seem to follow as a matter of course that his denial of the application for a jury trial in a quieting title suit is not error. Young v. Vail, 29 N.M. 324, 222 P. 912, 34 A.L.R. 980, and Pankey v. Ortiz, 26 N.M. 575, 195 P. 906, 30 A.L.R. 92.

The defendants at no time mistook the nature of the suit against them as an equitable one to quiet title to certain real estate. Indeed, Jose S. Vigil and wife, after answering and as a part of the same pleading, interposed a cross complaint, being a complaint in statutory form to quiet their title to the same premises, pleading therein in addition a title by adverse possession and closing with a prayer for an appropriate decree and general relief. The other defendants, Ramon F. Vigil and wife, likewise followed their answer of formal denials by a further answer "by way of affirmative defense" in which they set up their claim on the property, praying the dismissal of plaintiff's complaint, for a decree adjudging the superiority of their title over the plaintiff's and for general relief. Each set of defendants in the answer filed, as noted, in-

voked the equity powers of the court. Thus the matter presented itself to the trial judge when the first motions to dismiss or for a jury trial of the cause as it stood were interposed.

The defendants practically rest their claim to a reversal, so far as this question is concerned, on the case of Pankey v. Ortiz, supra. But the cases are different. In the Pankey case the complaint affirmatively alleged that the defendants were in possession. First, a demurrer was interposed and overruled, whereupon the defendants answered over. In their answer they admitted possession and cultivation of the lands involved and asserted ownership of the tracts occupied, claiming they and their predecessors in title had been in the open, notorious, exclusive, adverse possession, hostile to the world, continuously since the year 1846. Furthermore, they renewed their claims of a constitutional right to a jury trial under the admitted fact of possession, which had first been raised in the overruled demurrer. They not only did not invoke the court's exercise of its equitable jurisdiction by seeking to quiet their own title or by asking an order decreeing its superiority over plaintiff's but, on the contrary, asked for a single ruling—the dismissal of plaintiff's complaint to the end, presumably, that in order to get possession, he would be compelled to resort to ejectment, wherein they would have a jury trial as a matter of course.

■ It is to be noted, therefore, that the controlling fact of possession, in the Pankey case even alleged in the complaint itself, was here a disputed fact on the pleadings as they stood when the defendants moved to dismiss and petitioned for a jury trial. In addition, these motions and the petition were to be viewed and appraised in the light of the ·defendants' pleadings on file, the one of which cross complained and sought the strictly equitable relief of a quieting title decree and the other affirmative relief equitable in character.

■■ Under the issues as thus framed when the motions and petition came on for hearing, the plaintiff was entitled to an equity trial as a matter of right if the proof showed him in possession and as a matter of consent even though it should show defendants in possession. In such circumstances, it is not a harsh rule that requires a defendant to make up his mind at the outset whether he will appear and litigate in equity or stand on his right to defend in an action at law. Here the defendants seemed unwilling to let their decision rest on an abiding conviction of what the proof would show. Their answers and cross complaint sought an equity trial; their motions and petition a jury trial to which they were entitled contingently only. Even if we may assume that possession was subsequently established in them, as we doubt our right to do on the record before us, the trial court did not abuse its discretion in holding the defendants to the waiver of the right to jury trial, if the facts subsequently should show them entitled thereto, arising from their voluntary request at the very outset that equity take

jurisdiction and award them relief. 21 C.J. 171, § 149, "Equity"; 30 C.J.S., Equity, § 88; 35 C.J. 207; 51 C.J. 187; Young v. Vail, 29 N.M. 324, 222 P. 912, 34 A. L.R. 980; Cooper v. Otero, 38 N.M. 164, 29 P.2d 341; Carroll v. McLaren, 60 Or. 233, 118 P. 1034; Pedro v. Vey, 150 Or. 415, 39 P.2d 963, 46 P.2d 582; American Mills Company v. American Surety Company, 257 U.S. 626, 42 S.Ct. 49, 66 L.Ed. 404.

In Cooper v. Otero, supra [38 N.M. 164, 29 P.2d 349], we quoted approvingly from 21 C.J. 171, § 149, as follows: "One who voluntarily invokes the equity jurisdiction of the court cannot subsequently urge that his complaint should have been dismissed because of adequacy of the remedy at law. So a defendant who seeks affirmative equitable relief is precluded from subsequently raising such objection. This is also true of an intervener who invokes the aid of equity." 30 C.J.S., Equity, § 88.

In Young v. Vail, supra [29 N.M. 324, 222 P. 927, 34 A.L.R. 980], we said:

"In presenting these facts to a tribunal they might have filed an independent action at law, whereupon their constitutional right to a trial by jury would have accrued; they being in no wise compelled to present them to the tribunal which had acquired jurisdiction of the foreclosure suit. They did not pursue this course, however, but, on the contrary, sought the tribunal which had acquired jurisdiction and was then in process of foreclosing the mortgage, and, which, as we have seen, was a court of equity; and, by filing their cross-complaint in that pending suit, in effect said to the chancellor:

"'We are ready and desire to litigate, not only the subject-matter of the allegations of the plaintiff's bill for foreclosure, but herewith present to you allegations of other facts which we desire to have adjudicated in connection with, and as a part of, the foreclosure.'

"Under the statute they had the right to file their cross-complaint so long as it related to or was dependent upon the subject-matter of the foreclosure suit, and the chancellor had jurisdiction to hear them and adjudicate such issues as might be raised thereby. But in thus presenting such matters to the court of equity, they never at any time became entitled, as a matter of right, to trial by jury. By their own procedure, they in effect asked the court of equity to apply the equitable principle already discussed and do complete justice between the parties, to the end that all matters connected with or relating to the foreclosure suit might be adjudicated and the parties afforded all relief, both equitable and legal, to which their proof might show them to be entitled."

The rule of waiver in this behalf is well recognized.

"A jury trial is waived by a party directly invoking the jurisdiction of equity, or by stating in his complaint a cause of action of a distinctly equitable character, although upon the evidence he may be entitled to either legal or equitable relief." 35 C.J. 207.

*"By Asking for Affirmative Relief.* A defendant who, by answer or cross bill, asserts his own title and seeks to have it quieted thereby gives the court jurisdiction of the whole controversy, although plaintiff is not in possession. But it is otherwise where defendant sets up his own title and possession only by way of defense, and does not ask affirmative relief." 51 C.J. 188.

The case of Pankey v. Ortiz, so much relied upon by the defendants, as we have shown, is entirely consistent with the conclusion here reached. Nor is there anything in Knabel v. Escudero, 32 N.M. 311, 255 P. 633, also cited by them, when properly understood, which may be used in argument against it. There a complaint in statutory form to quiet title was demurred to on the ground that it failed to allege plaintiff was in possession and the demurrer was sustained. This was held to be error since, there being no allegation nor any required, that plaintiff was in possession, the allegation of fee simple ownership would even seem to support an implication that he was in possession, at least, in the absence of allegation and proof to the contrary. We said: "If the defendants are in possession and the plaintiff out of possession, it would seem to be a matter of defense for them to show that fact, thereby securing to themselves the right of jury trial. A demurrer, which merely admits the allegations of the complaint to be true, would seem to be inadequate to raise any such question."

We then pointed out that two distinct principles are involved in the question at issue, the first being that equity has no jurisdiction where there is a complete and adequate remedy at law, but that this doctrine in no manner limits the power of the legislature to enlarge this jurisdiction to authorize the maintenance of suits to quiet title whether or not there is an adequate remedy at law. We held that it had done so by the amendment of our statute authorizing a suit to quiet title by a plaintiff whether in or out of possession. 1929 Comp.St. § 105-2001. But, we added: "The second principle involved, however, is entirely different in scope and consequence. The right of trial by jury is guaranteed by section 12 of article 2 of the state Constitution. Applied to a case like this, the provision means that a man may not be deprived of the possession of real estate, of which he claims title, except upon a trial by jury. *This right may, of course, be waived.* If the defendant desires to rely upon his constitutional right, it seems clear that it is his duty to assert it in some appropriate form. A demurrer is inadequate for such purpose. When such right is properly asserted, our statute, which provides that the plaintiff may be either in or out of possession, becomes inoperative, and must yield to the controlling provisions of the Constitution in regard to the right to jury trial. There is nothing in our previous cases in any way militating against this conclusion." (Emphasis ours.)

Under the very language of the opinion in Knabel v. Escudero, equity has

an enlarged jurisdiction by virtue of our statute to try a suit to quiet title even though admittedly there is an adequate remedy at law provided always, of course, a proper and timely claim to jury trial is not made by a defendant in possession. To put it differently, a defendant in possession may waive his right to a jury trial, a fact recognized in the opinions both in Pankey v. Ortiz and Knabel v. Escudero. And here, as we have held, they did waive it by themselves invoking equitable relief and persisting in their claim to it to the end.

Everything we thus far have said on the question involves an assumption that the defendants indisputably established their own possession of the premises involved. In thus treating the matter, we have assumed a fact not properly before us. In discussing this matter, we will, at the same time, decide out of order the defendants' last claim of error relied upon for reversal.

■ The complaint and the findings of the trial court are silent on the question of possession. So is the decree. The plaintiff requested no finding on the issue. However, there appear in the transcript the defendants' requested findings of fact and conclusions of law, among which is one stating the defendants were in possession of the real estate at the commencement of the suit and as having been in possession ever since the year 1931. The failure to adopt such finding very well might have been treated by defendants as

its refusal by the court and have been made the basis of an assignment of error here. Such, however, was not done. There is here no claim or argument or assignment to the effect that the evidence warranted and should have compelled the adoption of any of their proposed findings. So there is nothing for us to consider in that behalf. Such being the case, the question of defendants' possession, for its bearing on the right to jury trial is not before us. Certainly, on this record viewed in the light of the errors assigned and argued, we are unable to treat the defendants as having shown themselves in possession of the litigated premises, however strongly the fact may be reflected by the testimony, if properly before us for examination in this behalf.

The only assignment of error directed to the findings is the defendants' last one, reading: "That the Court erred and abused its power and discretion in arbitrarily refusing and neglecting to consider Appellants' (defendants') findings of fact, submitted in due time to the court."

The substance of the argument under this assignment is the statement in defendants' brief that, upon completion of the trial, the court requested the parties to prepare and submit findings within the period of half an hour; that within such period the defendants appeared with their requested findings only to be informed the court already had adopted the findings proposed by plaintiff and already had signed the judgment based thereon. So say the

defendants in urging their only claim of error under this assignment. But, aside from this statement in their brief, there is nothing in the record to support the claim that the court requested proposed findings of defendants and then declined to await their production within the time allotted. The record is silent as to any formal request made by the court upon anyone for proposed findings. When both sides rested the attorney for defendants renewed his motion to dismiss on the ground that ejectment rather than quieting title was the proper remedy. Thereupon, the attorneys for the plaintiff moved for judgment. The parting colloquy between the court and defendants' attorney was as follows:

"The Court: Have you got any law here you want to show me, why this man is entitled to this land, Mr. Armijo, other than that you are basing your title upon that Motion?

"Mr. Armijo: No. (Argument)

"The Court: The Cross-Complaint will be dismissed. The relief prayed for in the Plaintiff's Complaint will be granted."

The trial was begun and concluded on June 9, 1941. On the same day the plaintiff's proposed findings were adopted by the court and filed in the cause. The defendants' specially requested findings bear a filing date of July 3, 1941, as do their written exceptions to the findings made by the court. The "Judgment and Decree", so entitled, although dated June 9, 1941, was actually filed with the clerk on July 16, 1941, until which time, at least, ignoring the thirty day period thereafter during which by 1929 Comp.St. § 105-801, it is given control over its judgment, the trial court might have given and presumably did give consideration to the findings proposed by defendants. There was still time to set aside the findings already adopted and to withhold the judgment tentatively, although not effectively, ordered. Until filed and thus entered on the minutes of the court the document, so denominated, was no judgment at all. State v. Capital City Bank, 31 N.M. 430, 246 P. 899. Presumably, it was under the control of the court until that event occurred.

No other claim of error is directed to the findings and for the reasons given we are unable to make this one the basis of a reversal.

Finally, the defendants predicate error on the admission in evidence over their objection of the patent from the United States of America to the patentees, Inez Valencia and Anamaria L. Valencia, the latter of whom following the death of her husband, Inez, later became the grantor in a deed conveying the premises involved to the plaintiff. The proceedings incident to the introduction of the patent as well as the deed from one of the patentees to the plaintiff, follow:

"Mr. Spiess: If the Court please, we offer in evidence, Plaintiff's Exhibit No. 1, and Plaintiff's Exhibit No. 2, Patent and Deed.

"Jose E. Armijo: If the Court please, we object to the admission of Plaintiff's Exhibit No. 1, for the reason that it does not for itself describe any land which by its own description can be identified. There is nothing in the record that any such land, the exception of which is noted in the patent, is the land involved in the action, or any portion of it.

"The Court: Oh, Yes, it does. Overruled.

"Jose E. Armijo: Exception. No objection to Plaintiff's Exhibit No. 2, the deed.

"The Court: The Exhibits (Plaintiff's Exhibits No. 1 and No. 2) will be admitted in evidence."

The nature of the defendants' objection to the admission of the patent, as indicated, is that it does not itself describe with particularity the premises involved. They argue that the patent requires extrinsic evidence to connect or identify it with the premises involved; that without such evidence no one could tell exactly where lies "Exception No. 89, surveyed as Private Claim No. 125, within the Pueblo of Pecos of Section thirty-three in Township sixteen North of Range twelve east of the New Mexico Meridian, New Mexico, containing thirteen acres and eight hundred eight thousandths of an acre, according to the approved Plat of Survey of said Land on file in the General Land Office."

Answering this argument, the plaintiff points out that the court may judicially notice that such a well known land mark as the Pueblo of Pecos, and, particularly, that section thirty-three, Township Sixteen North, Range Twelve East, all are in San Miguel County. The plaintiff further invokes judicial notice as to the officially approved Government Plat of said land on file in the General Land Office.

Without passing on these various contentions, it is enough to say that the defendants waived any objection to the introduction of the patent on the ground urged, if valid objection it was. The complaint not only described the land as in the patent but furnished a further description, identifying it as the same land. The defendants admitted, as alleged in paragraph two of the complaint, that they made some claim adverse to the estate of the plaintiff in and to the premises, "said premises being the real estate described in this complaint." It was first described in the complaint as in the patent, then further identified by its directional boundaries. The separate answer of Ramon F. Vigil and wife specifically admitted that the land he claimed through purchase from Jose S. Vigil and wife lay "within the tract of land described in paragraph 1 of Plaintiff's Complaint". Furthermore, the latter defendants cross complained seeking to quiet title to a thirteen acre tract under the alternative description given in the complaint for the same land otherwise described. And, finally, on the very heels of their objection to introduction of the patent, the defendants expressly consented to the introduction of Plaintiff's Exhibit No. 2, containing the description objected to in the patent and further identifying it as the same land claimed by the defendants. We

think the defendants were not misled by the patent description as to the lands claimed of them. The trial court correctly ruled that the land described in the patent is the land the parties were litigating about and properly let the patent in evidence.

Other assignments are made. Some are to be deemed abandoned through failure to argue them and others are so lacking in merit as not to require discussion. It follows from what has been said that the decree quieting plaintiff's title should be affirmed.

It is so ordered.

BRICE, C. J., and ZINN, MABRY, and BICKLEY, JJ., concur.