GARRETT et al. v. KENNEDY et al.

No. 31181. Dec. 7, 1943.

Rehearing Denied Feb. 1, 1944.

Application for Leave to File Second Petition for Rehearing Denied Feb. 15, 1944.

*145 P. 2d 407.*

Hunt & Eagleton and Morse Garrett, both of Tulsa, for plaintiffs in error.

Benjamin C. Conner and J. M. Winters, Jr., both of Tulsa, for defendants in error.

GIBSON, V. C. J. This is an action to recover damages allegedly suffered as a result of a temporary, nuisance, and for injunction abating the same. Judgment was for defendants, and plaintiffs appeal.

According to the petition plaintiffs and defendants resided on adjoining lots in the city of Tulsa. The topography was such that in times of rain surface waters ran across defendants' property onto that of the plaintiffs. The soil was of a variety that was subject to unusually rapid erosion. In an apparent effort to check erosion defendants constructed a wall of cement and stone some 18 inches high at the lot line between the two properties. This wall, plaintiffs charged, served to gather and empound surface water on defendants' own lot, and on occasion of heavy rain the water so concentrated was discharged in unusually large volume onto plaintiffs' lot causing certain damages.

It was further alleged that the wall was constructed without regard to the rights of plaintiffs as adjacent property owners; that defendants had been warned of the continuing injuries wrought thereby, and had been requested to discontinue the maintenance of the wall, which plaintiffs alleged was a nuisance.

Plaintiffs sought actual damages to the property with punitive damages. And in their second cause of action they sought a perpetual injunction against defendants enjoining them from further maintenance of the wall.

The defense was that the wall was properly constructed with due regard to the rights of adjacent property owners; that it in no way contributed to the damages to plaintiffs' property caused by surface waters; that the damage, if any, was due to plaintiffs' own negligence in failing to properly guard against the damages caused by the rains and surface waters.

Plaintiffs objected to a jury trial and moved to place the case on the nonjury assignment. The motion and objection were overruled, and the cause of action for damages tried to the jury, the court reserving to itself the cause for injunctive relief.

In addition to general instructions, the court on plaintiffs' request submitted special interrogatories to the jury on the question of proximate cause. By the answers to those interrogatories the jury found that the surface waters did flow over, through, and under the wall in question and onto plaintiffs' property, but that the water did not cut or erode the soil on plaintiffs' lot, and did not cause any of the other alleged damages.

However, plaintiffs complain of certain of the general instructions wherein

the issues of primary negligence, contributory negligence, and mitigation of damages were presented to the jury.

Those issues, say plaintiffs, play no part in an action for damages caused by the maintenance of a nuisance of the character here in question, and for the abatement of the same. It is insisted that the instructions in this respect were erroneous under the rule relating to the diverson of surface waters as expressed in Gulf, C. & S. F. Ry. Co. v. Richardson, 42 Okla. 457, 141 P. 1107, to the effect that a proprietor may divert surface water, cast it back or pass it along to the next proprietor, provided he can do so without injury to such adjoining proprietor, but he is not permitted to sacrifice his neighbor's property in order to protect his own.

Plaintiffs say that in view of that rule, neither negligence in constructing or maintaining the wall, nor any negligence on the part of plaintiffs, or duty on their part to take all reasonable and necessary precaution to protect their own property, had any bearing upon the question of defendants' liability. For that reason, it is urged, the instructions were erroneous, misleading, and sufficient to require reversal of the cause.

Defendants seek to sustain the instructions under the rule said to obtain in most jurisdictions that an action for damages resulting from the diversion of surface waters is based on actionable negligence, thus permitting the defense of contributory negligence, and a plea in mitigation of damages. 67 C. J. 869, § 292. But counsel say further that even if the instructions were erroneous, they constituted mere harmless error in view of the answers of the jury to the special interrogatories aforesaid, and insufficient to warrant reversal of the judgment.

In the latter statement defendants are correct. By the special findings the jury has said specifically that the wall in question neither caused nor contributed to the conditions allegedly resulting from the surface waters. It is clear, therefore, that the jury was in no way influenced by the instructions complained of. The special findings were conclusive of the paramount issue whether the wall was the proximate cause of the injuries. The jury said the wall was neither the proximate cause nor the remote cause. Therefore, any action or omission on the part of plaintiffs would be wholly immaterial. The instructions, if in fact erroneous, could have amounted to nothing more than harmless error. See Oklahoma Gas & Electric Co. v. Busha, 179 Okla. 505, 66 P. 2d 64.

Assuming, as do plaintiffs, that the instructions were erroneous, it is clear that they caused no miscarriage of justice. Verdicts are not to be set aside in such case. 22 O. S. 1941 § 1068.

Plaintiffs charge error in the overruling of their motion for judgment notwithstanding the verdict.

Such motions are directed to the allegations in the pleadings (12 O. S. 1941 § 698); and they may be entertained in those instances where special findings of the jury are contrary to the general verdict. Martin v. National Bank of Claremore, 182 Okla. 217, 77 P. 2d 40. In that case the court held as follows:

"When a jury has returned its verdict, the trial court is without jurisdiction to enter judgment non obstante veredicto, unless (1) the party in whose favor such judgment is rendered would be entitled to judgment on the pleadings, or (2) the jury has returned special findings of fact contrary to the general verdict.

"A motion for a judgment non obstante veredicto does not present for consideration errors in the admission of evidence or the sufficiency of the evidence to sustain the verdict."

Here, the pleadings are not such as would entitle plaintiffs to judgment thereon. The answer fairly meets the allegation that the wall caused or contributed to the injuries caused by surface waters. Nor were the special findings inconsistent with the general verdict.

Under a motion such as this the court will not review the record in an effort to ascertain whether the pleadings

have been amended or altered by implication, unless the briefs point out specifically the circumstances in the record whereby such amendment took place.

Plaintiffs assign as error the court's action in refusing certain testimony.

The testimony was offered for the purpose of showing that the witness as a representative or agent of plaintiffs went to defendants and suggested certain improvements in the wall, and told them if the conditions were not remedied suit would be instituted.

We fail to see wherein that evidence was material. It is not disputed that defendants were warned concerning the wall and asked to remedy alleged deficiencies. The proffered evidence did not purport to show that the wall contributed to the injuries caused by surface waters. We find no error in the ruling.

Plaintiffs charge error in the court's refusal to give certain requested instructions.

We feel that an extended discussion of this assignment is unnecessary. The requested instructions, so far as they were of correct application in the case, were sufficiently embodied in the instructions given by the court; and, further, had they been given as requested, the special findings of the jury would have nullified their effect.

Plaintiffs complain somewhat concerning the trial of the cause of damages to the jury, and the cause for injunction to the court. They say the action was primarily one of equitable cognizance for injunctive relief, with damages merely incidental. That being true, say plaintiffs, the special findings and general verdict of the jury were advisory only, leaving the findings and judgment of the court subject to review under the rule in equity relating to the sufficiency of the evidence.

Plaintiffs advance no serious argument on the point, above. And we believe the argument, such as it is, has little foundation to support it, especial-

ly in view of their prayer for exemplary damages under their cause of action for damages. Exemplary damages are restricted to actions where the parties are entitled to a jury trial as a matter of right. Mid-Continent Petroleum Corp. v. Bettis, 180 Okla. 193, 69 P. 2d 346.

In so trying the separate causes of action, the trial court proceeded in conformity with the established practice. Where an equitable cause of action and a cause of action at law are united in one petition, the facts in the equity cause may be tried to the court, and the facts in the law cause tried to the jury. Okmulgee Producing & Refining Co. v. Baugh, 111 Okla. 203, 239 P. 900.

That is what occurred here. The cause for damages resulting from the maintenance of an alleged nuisance was properly tried to the jury; the equitable cause for injunction to abate the nuisance was properly tried to the court.

Plaintiffs say that the trial court's special findings of fact were not supported by the evidence, and that its conclusions of law were erroneous.

The finding against which the objection is lodged is No. 11, and reads as follows:

"The damages so suffered by plaintiffs' property has not been aggravated by the building of the wall and cannot be with the wall in its present condition. Neither has it been caused or aggravated by any other acts of defendants."

We have reviewed the evidence with respect to the cause for injunction and find that the finding of fact, above, was not against the clear weight of the evidence. That finding will support the order denying the injunction. There was not sufficient indication that the maintenance of the wall would produce injury to plaintiffs.

Plaintiffs believe that the denial of the injunction constituted a misapplication of the law in the face of the court's finding that "Plaintiffs' property has suffered some damage from the flow of sur-

face waters onto it, both before and since the wall was built . . ."

We are unable to agree with plaintiffs' view. The above finding falls far short of a finding that the wall caused any damage or would likely cause damage in the future.

The judgment is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. WELCH and HURST, JJ., absent.