620 F.2d 741
 Larry E. MYERS, aka L. E. Myers, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the DISTRICT OF MONTANA, Respondent,
and
John Hancock Mutual Life Insurance Company, a corporation,
et al., Real Parties in Interest.
 No. 79-7517.
 United States Court of Appeals,
Ninth Circuit.
 June 9, 1980.
 
 Stephen C. Mackey, Towe, Ball, Enright & Mackey, Billings, Mont., argued, for petitioner.
 Sidney R. Thomas, Billings, Mont., argued, for Real Parties in Interest.
 Appeal from the United States District Court for the District of Montana.
 Before HUG, FLETCHER and FARRIS, Circuit Judges.
 FARRIS, Circuit Judge:
 
 
 1
 Petitioner Larry Myers is requesting that this court issue a writ of mandamus directing United States District Judge James Battin to afford Myers a jury trial in his action against John Hancock Mutual Life Insurance Company. Judge Battin denied Myers a jury on the grounds that Myers' jury demand had been untimely and that the issues involved did not require a jury. We order the writ to issue.
 
 I. PROCEDURAL BACKGROUND
 
 2
 John Hancock initiated this action in a Montana state court to foreclose on a mortgage it held on real estate owned by Myers. Myers counterclaimed for breach of contract and interference with business relations. Myers made an untimely demand for a jury trial before the state court.[1] The Montana Rules of Civil Procedure give state trial judges the discretion to afford relief from a jury waiver, and Myers' untimely demand was granted as an exercise of this discretion.[2] Shortly thereafter, the United States, as an intervening party, had the case removed to federal court. United States District Judge Battin issued an order setting a date for a non-jury trial. Myers, through his attorney, sent Judge Battin a letter pointing out that the state court had previously granted a jury and inquiring whether Judge Battin had been inadvertent in eliminating the jury. The Judge's law clerk replied that the letter of inquiry would be deemed a jury demand and that "(a) jury (would) be called for the trial as a matter of course, without further action by counsel." Letter from Judge Battin's law clerk to counsel for respondent (February 23, 1979) (Exhibit D attached to petition for writ of mandamus). In briefs submitted prior to trial, John Hancock challenged Myers' right to a jury, and Judge Battin issued a pretrial order setting the case to be heard without a jury. Myers immediately filed his petition for a writ of mandamus.
 
 II. DISCUSSION
 A. Timeliness of Myers' Jury Demand
 
 3
 Rule 81(c) of the Federal Rules of Civil Procedure provides that a party who, while in state court, "made an express demand for trial by jury in accordance with state law, need not make a demand after removal." Myers made an express but untimely jury demand while in state court, and the state judge exercised his discretion under Montana Civil Rule 39(b) to grant the demand despite its untimeliness. We are thus presented with the question whether a jury demand is "in accordance with state law" for the purposes of Rule 81(c) when it is not timely made but is nonetheless granted as an exercise of discretion under Rule 39(b).
 
 
 4
 The Montana Rules of Civil Procedure provide two means by which a party may effectively demand a jury. The favored way is to make a demand within the ten-day time limit of Rule 38, but the party may also present the trial court with evidence which persuades the court to exercise its Rule 39(b) discretion to grant an untimely demand. We cannot properly review the Montana trial court's application of a state procedural rule. Myers did not follow the preferred jury demand procedure but his demand was "in accordance with state law."
 
 
 5
 Consequently, Myers' demand is within Federal Rule 81(c) and no further demand was required in federal court. He did not waive his right to a jury trial by failure to make a timely demand.
 
 
 6
 B. Myers Constitutional Entitlement to a Jury Trial
 
 
 7
 In determining whether the Seventh Amendment entitled Myers to a jury trial, we must look first to whether he is raising a claim which, prior to the ratification of the Seventh Amendment, would have been raised in a court of law rather than a court of equity. Baltimore & Carolina Line, Inc. v. Redman, 295 U.S. 654, 657-58, 55 S.Ct. 890, 891-92, 79 L.Ed. 1636 (1935). With the modern merger of law and equity courts, and the liberal joinder provisions of the Federal Rules of Civil Procedure, considerable judicial attention has been focused on the issue of a party's constitutional right to a jury trial in cases involving both historically "legal" and historically "equitable" claims.
 
 
 8
 In Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), the Supreme Court articulated the governing principle:
 
 
 9
 (W)here equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed . . . by trying the legal issues as incidental to the equitable ones . . . . The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action.
 
 
 10
 Id. at 537-38, 90 S.Ct. at 738. The Third Circuit in Eldredge v. Gourley, 505 F.2d 769, 770 (2d Cir. 1974) held that a defendant who counterclaimed for contractual damages was entitled to a jury determination of his counterclaim unless the district court found that it lacked merit as a matter of law.
 
 
 11
 John Hancock does not contend that Myers' counterclaim for breach of contract lacks merit. It argues instead that the counterclaim is primarily a request for equitable relief directing John Hancock to execute the documents necessary for the release of the mortgage on Myers' property. Even if the contention that Myers' counterclaim is primarily equitable were true, denying Myers a jury trial on his legal counterclaim merely because it was incidental to his equitable claim would directly contradict the principle stated in Ross v. Bernhard, supra. Claims for breach of contract are historically "legal," and Myers is entitled to a jury trial on that and any other issue raised in his counterclaim which the district court determines to be "legal."
 
 III. CONCLUSION
 
 12
 Myers is constitutionally entitled to a jury determination of any "legal" issues raised in his counterclaim. He did not waive that entitlement by an untimely demand. We recognize that appellate courts must exercise caution in employing such extraordinary relief as a writ of mandamus. See Bauman v. United States District Court, 557 F.2d 650 (9th Cir. 1977). The Supreme Court, however, has "emphasize(d) the responsibility of the Federal Courts of Appeals to grant mandamus where necessary to protect the constitutional right to trial by jury . . . ." Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962).
 
 
 13
 The writ shall issue.
 
 
 
 [1]
 Montana has adopted Rule 38(b) of the Federal Rules of Civil Procedure which requires that a jury demand be made within ten days of the filing of the last pleading which relates to the jury trial issue
 
 
 [2]
 Montana Civil Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court upon motion or of its own initiative may on ten days' notice to the parties order a trial by a jury of any or all issues."