728 P.2d 1364

**STATE, ex rel. J.Y. Jr. McADAMS and Annie McAdams, Petitioners,**

v.

**DISTRICT COURT OF the EIGHTH JUDICIAL DISTRICT, State of New Mexico, Respondent.**

**No. 16545.**

Supreme Court of New Mexico.

Dec. 10, 1986.

Jones, Gallegos, Snead & Wertheim, James G. Whitley, Santa Fe, for petitioners.

Keleher & McLeod, Arthur O. Beach, Albuquerque, Ray A. Floersheim, Robert S. Skinner, Raton, for real parties in interest.

## OPINION

FEDERICI, Justice.

This action arose out of an alleged default on a promissory note. Real party in interest Buena Vista Land and Cattle Company (Buena Vista), plaintiffs below, brought this mortgage foreclosure suit against real parties in interest Donald and Cherry Reif (Reifs), who executed the promissory note and who are the mortgagors, and against petitioners, the alleged guarantors of the note. Buena Vista seeks a judgment establishing the debt, requiring a foreclosure sale, and ordering a deficiency against Reifs and petitioners.

Petitioners filed an amended answer and cross-claim together with a timely jury demand. Petitioners' amended answer denied any liability under the alleged guaranty and raised several legal defenses to Buena Vista's complaint. Buena Vista filed a motion to strike petitioners' jury demand. The motion was granted. Petitioners then filed in this Court their petition for writ of mandamus, or, alternatively, for writ of prohibition and/or writ of superintending control, seeking to have their jury demand reinstated. We issued the alternative writ. We now make the writ permanent in part, and quash the writ in part.

The issue before us is whether under the facts of this case petitioners are entitled to a jury trial of their alleged guarantor liability and of their liability for any deficiency judgment. We hold that under *Evans Financial Corp. v. Strasser*, 99 N.M. 788, 664 P.2d 986 (1983), petitioners are entitled to a jury trial of these issues since their guarantor liability is a legal issue independent of the foreclosure suit.

Two New Mexico cases are particularly pertinent to the issue before us, *Strasser* and *Young v. Vail*, 29 N.M. 324, 222 P. 912 (1924) (overruled in part in *Strasser*). In *Young*, the Court held that in a suit to foreclose a mortgage, the parties have no right to a jury trial of the issue of indebtedness, nor of the issue of deficiency. The Court also held that a defendant in a foreclosure suit who voluntarily interposed a cross-complaint of a legal nature was not entitled to a jury trial of the issues raised thereby. No issue of guarantor liability was presented by the facts of *Young*.

In *Strasser*, the Court held:

When the applicable rule of procedure requires or allows the defendant to assert as a counterclaim any claim he has against the plaintiff if it arises out of the subject matter of the original action, the defendant is entitled to a jury trial of the legal issues presented in the counterclaim.

99 N.M. at 791, 664 P.2d at 989. *Young* was specifically overruled in *Strasser* to the extent it was inconsistent with this holding (i.e., to the extent *Young* held that a defendant in a foreclosure suit who voluntarily interposed a cross-complaint of a legal nature was not entitled to a jury trial of the issues raised thereby). No issue of guarantor liability was presented by the facts in *Strasser*.

■ *Young* is still good law to the extent it held that there is no right to jury trial of *incidental legal issues* in a foreclosure suit. By "incidental legal issues" we mean legal issues which are necessarily decided in the foreclosure suit. A legal issue which is necessarily decided in a foreclosure is either one upon which the right to foreclose depends, or one which is disposed of in the course of the equitable proceeding. To illustrate, in *Young*, the Court pointed out that "the existence of a present indebtedness on the part of the defendants is the very foundation of the right to foreclose," 29 N.M. at 353, 222 P. at 917–18, and reasoned that since "[t]he issue of indebtedness * * * was an issue lying across the very threshold of the chancellor's jurisdiction to decree a foreclosure * * * the parties were not entitled to a jury for the trial thereof." *Id.* at 355, 222 P. at 918. Likewise, since the *amount* of any deficiency merely follows from the amount of indebtedness and the amount received at the foreclosure sale, it being a matter of simple calculation, the amount of any deficiency is a matter which is necessarily decided in, and therefore incidental to, the foreclosure suit.[1]

This interpretation of *Young* is consistent with *Strasser*. *Strasser* dealt with whether there was a right to jury trial of *independent legal issues* raised by compulsory counterclaim in a foreclosure suit. By "independent legal issues" we mean legal issues which are not necessarily controlling or decided in the foreclosure suit. To illustrate, in *Strasser*, to accomplish the foreclosure, the trial court established the debt,

---

1. We distinguish between a determination concerning the amount of any deficiency, and a determination concerning who, other than the primary debtor, is liable for said deficiency.

required a foreclosure sale and determined, by simple calculation, the amount of any deficiency. The findings and judgment of the trial court concerning the equitable issues did not depend on a prior adjudication of the legal issues raised by the counterclaim, nor did the equitable proceeding dispose of the legal issues raised by the counterclaim. Therefore, the issues raised by the counterclaim were independent legal issues and the parties were entitled to a jury trial thereof.

Similarly, whether petitioners in this case are liable as guarantors for any deficiency is a legal issue independent of the foreclosure. Buena Vista's right to foreclosure is not dependent on a prior adjudication of petitioners' liability as guarantors for any deficiency. Neither is petitioners' liability as guarantors for any deficiency an issue which will be disposed of during the foreclosure. We therefore hold, consistent with *Strasser*, that petitioners are entitled to a jury trial of their alleged liability as guarantors and of their alleged liability as guarantors for any deficiency.

Nevertheless, the New Mexico authorities, including *Strasser*, have held that when legal and equitable issues are joined in a lawsuit the trial court should first decide the equitable issues, and then if any independent legal issues remain, those issues may be tried to a jury upon appropriate request. *See, e.g., Martinez v. Mundy,* 61 N.M. 87, 295 P.2d 209 (1956) (overruled in part in *Strasser*). We reaffirm this rule. It has the salutary effect of facilitating separation of independent legal issues from essentially equitable causes of action.

The trial court erred in granting Buena Vista's motion to strike petitioners' jury demand insofar as the independent legal issue of whether petitioners are liable as guarantors and are subject to a deficiency judgment. However, the trial court did not err in ruling that the equitable issues relating to the foreclosure and the incidental legal issues of indebtedness and amount of any deficiency for which Reifs may be liable should first be tried to the court.

Thereafter, petitioners are entitled to a jury trial on the question of their liability as guarantors and whether they are subject to a judgment for any deficiency.

In reaching this result, we note that Buena Vista has represented that no personal money judgment subject to immediate execution is sought against either Reifs or petitioners and that it seeks to hold petitioners liable as guarantors only for the amount of any deficiency.

The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

RIORDAN, C.J., SOSA, Senior Justice, and STOWERS, J., concur.

WALTERS, J., specially concurs.

WALTERS, Justice (specially concurring).

I agree that judges should decide equitable issues and juries should decide legal issues when both are presented in a trial before a jury. I do not agree that in all cases any equitable issue must *first* be decided by the trial judge. It appears unwise to me to adopt an inflexible rule of procedure without extensive study or consideration of all possible circumstances that might invoke a reverse order of determining the separate issues.