[S. F. Nos. 13535, 13563 (Consolidated). In Bank.—August 5, 1932.]

JOSEPH BETTENCOURT et al., Appellants, v. BANK OF ITALY NATIONAL TRUST AND SAVINGS ASSOCIATION (a Corporation) et al., Respondents.

John H. Crabbe for Appellants.

J. E. McCurdy, F. E. Hoffman, Leep, Levy & Hurd, Lelia R. Leep, Sumner Hurd, Robert L. Levy, Sullivan & Sullivan and Theo. J. Roche and George A. Stockfieth for Respondents.

TYLER, J., *pro tem.*—This controversy involves two separate appeals. The first is from an order granting a new trial as to certain of the defendants, and the second is from a judgment and decree quieting title to the lands described in the complaint based upon written findings of fact and

conclusions of law in favor of defendant El Granada Holding Company. The appeals have been consolidated.

The complaint contains four counts, the first of which alleges a fraudulent conspiracy on the part of defendants to obtain a sale at an inadequate price of plaintiffs' property under the terms of a certain deed of trust held by defendant Bank of Half Moon Bay. The second cause of action alleges an accounting to be due between plaintiffs and defendants. The third is based upon a common count for money had and received, and the fourth contains allegations for quieting plaintiffs' title to the property. A demurrer to this last cause of action was sustained, and the complaint was not amended, so that the actual trial was had on the allegations contained in the three causes of action above referred to. The right to possession of the lands was also tried. The prayer of the complaint asked for judgment for damages in the sum of $65,000; for a full and complete accounting; for a decree compelling defendants to make, execute and deliver to plaintiffs a reconveyance of the property, and for a decree canceling and annulling each of certain deeds and conveyances made by the defendants of the lands in question. A decree quieting plaintiffs' title was also prayed for.

Defendants El Granada Holding Company and Lewis W. Martin demurred to the complaint, as did also defendants A. R. Dias and Isabel Dias, his wife. These demurrers were sustained as to the fourth cause of action. In addition thereto the El Granada Holding Company filed a cross-complaint to quiet its title to the property as against plaintiffs. The Bank of Italy National Trust & Savings Association filed an answer denying all of the material allegations and set up, in addition thereto, the special plea of laches. Defendants Bank of Half Moon Bay, Horace Nelson, J. G. Gilcrest and Manuel Bettencourt also filed an answer denying the material allegations, and likewise pleaded the defense of laches, and in addition thereto the bank alleged, as a separate defense, that plaintiffs had executed to it their promissory note in the sum of $8,000, which note was secured by a deed of trust to defendants Horace Nelson and J. G. Gilcrest, as trustees; that thereafter plaintiffs executed to said bank a second and further promissory note, also secured by a deed of trust; that no payments were made on account of principal, taxes or interest in connection with

said loans since August, 1923. A sale of the property for $10,000 to defendants A. R. Dias and Isabel Dias under the terms of the trust deeds is then recited. As a further defense, the bank pleaded laches and special denials to the other causes of action.

When the case was called for trial, the court instructed the clerk to call a jury. Thereupon objection was made by defendants that plaintiffs were not entitled to a jury trial, as the cause was one involving purely equitable issues and an accounting. The court concluded to have a jury pass upon the issues. Upon the conclusion of plaintiff's case, all of the defendants moved the court for a nonsuit. They also moved to strike certain testimony from the record and asked for a directed verdict. These motions were denied. On conclusion of the evidence, the trial court, at the request of defendants, submitted special interrogations to the jury as to whether fraud or conspiracy was committed, and by whom. At the same time it instructed the jury to render a verdict in favor of the defendants Lewis W. Martin and El Granada Holding Company, and against the plaintiffs. After deliberation the jury rendered a verdict in favor of the plaintiffs in the sum of $20,000, and against the defendants Bank of Half Moon Bay, Manuel Bettencourt, A. R. Dias and Isabel Dias. Judgment was entered accordingly. In addition thereto and upon the special interrogations submitted to it, the jury found that there was fraud concerning the matters alleged in the complaint, and that such fraud was committed by the Bank of Half Moon Bay, and further, that there was a conspiracy and the defendants guilty of such were said bank, Manuel Bettencourt, A. R. Dias and Isabel Dias. Judgment was also entered quieting the title of defendant El Granada Holding Company as against plaintiffs.

Thereafter, the Bank of Half Moon Bay and Manuel Bettencourt moved the court for a new trial. The motion was based upon the grounds of excessive damages, insufficiency of the evidence; that the verdict was contrary to law, and errors of law occurring at the trial. The motion was granted, but the order did not specify that it was made upon the insufficiency of the evidence.

Defendants here contend that this court has no jurisdiction to hear the present appeal; that the action being

essentially equitable, the order appealed from is a nonappealable order. We are of the opinion that respondents are correct in their contention. Section 963 of the Code of Civil Procedure precludes an appeal from an order granting a new trial where a trial is had by jury, unless such trial is a matter of right (subdivision 2). ▮ The rule is well settled in this state that in an equitable proceeding a jury trial is not a matter of right, but the court may in its discretion, if so advised, call a jury to assist in the trial of the matter. However, the jury trial not being a matter of right, the court is not bound by the findings of the jury. (15 Cal. Jur. 331, sec. 11.) Cases which involve fraudulent trustees' sales for inadequate purchase price are cases addressed to a court of equity, as are also suits for an accounting. ▮ In determining whether an action is legal or equitable, and consequently whether a jury may be demanded, the court is not bound by the form of the action, but rather by the nature of the rights involved, as determined from the whole of the pleadings, and the facts of a particular case. The allegations of the complaint, the answer and the cross-complaint may be considered, as may also the prayer for relief in the complaint and in the answer. (15 Cal. Jur. 334, sec. 12.) There is no right to a trial by jury where the gist of the action as thus determined is for the enforcement of some right cognizable only in equity, even though legal relief results as an incidental part of the recovery. ▮ The fact, therefore, that the prayer contains a demand for damages is not controlling, for where the cause of action is essentially equitable, the prayer for damages is merely incidental to the relief sought, and if the action is properly brought in a court of equity, that court will determine all the issues in the case. (*McCarthy* v. *Gaston Ridge Mill & Mining Co.*, 144 Cal. 542 [78 Pac. 7].)

▮ That plaintiffs' action is of a purely equitable character in its essentials is shown from a reading of the complaint. It alleges in substance that appellants owned certain described property; that they executed a promissory note to the Bank of Half Moon Bay promising to pay the bank a certain sum of money; that they secured the note by a deed of trust on such property; that defendants J. G. Gilcrest and Horace Nelson were trustees under the deed of trust; that thereafter said note matured, and at that time defendants

entered into a fraudulent scheme and collusive arrangement to obtain the property from plaintiffs for an inadequate consideration; that defendants, when about to sell the property under the power of sale granted in the deed of trust, informed plaintiffs it would not be necessary for them or anyone representing them to appear and bid at said sale; that defendants agreed to sell the property at the best obtainable price and pay to plaintiffs the surplus, if any, over and above the indebtedness. It is then alleged that defendants caused the property to be sold to the bank for $10,000, and immediately thereafter the bank resold the same to A. R. and Isabel Dias, who in turn sold the same to the El Granada Holding Company. It is then charged that all of the foregoing transfers were made pursuant to the fraudulent scheme, and for the purpose of defrauding plaintiffs. Allegations follow to the effect, in substance, that Manuel Bettencourt was a very close and personal friend and adviser of plaintiffs and that they had the utmost confidence in his statements, relied thereon, and were lulled into a false sense of security, and were deceived thereby. An accounting is asked for, and a decree compelling defendants to make a reconveyance, and also for a decree canceling and annulling each of the deeds made by the defendants in the transaction.

■ Without further comment on the allegations, it is plainly manifest that the action is essentially equitable. This being so, appellants were not entitled as a matter of right to a trial by jury, and therefore, under the provisions of the code above cited, the matter is nonappealable, and this court is without jurisdiction to hear the same. ■ Nor is this conclusion in any manner affected by the fact that a motion to dismiss the appeal upon the grounds herein discussed was heretofore denied. The action of this court in denying the motion to dismiss was made before any briefs were filed, and to have properly entertained the motion, it would have involved an examination of the entire record in advance of a hearing upon the merits. ■ It is only where a mere inspection of the record discloses that an appellant is entitled to no relief, that this court will entertain a motion to dismiss, and thus save unnecessary delay and expense of litigation. (*Hibernia Sav. & Loan Soc.* v. *Doran,* 161 Cal. 118 [118 Pac. 526].) ■ Moreover, this court by its acts cannot acquire jurisdiction when none in fact exists.

■ Appellants present the further claim that the court never acquired jurisdiction to grant a new trial. In support of this claim, it is first contended that the notice of intention was not served upon all of the adverse parties. It is further contended that the motion was prematurely made, as no findings had been filed prior thereto. Assuming these facts to be true, they do not present questions properly before us.

■ Nor is there any merit in the appeal taken from the judgment and decree quieting title on the cross-complaint filed by El Granada Holding Company. The issues presented by the pleadings on this branch of the case were purely equitable, and the action of the trial court in directing the jury to bring in a verdict in favor of this defendant did not constitute error. There was no evidence of fraud on the part of Martin. With reference to this branch of the case, however, it may be stated that it has been brought to our attention that the trust deed executed by the Diases, to secure the payment of the amount they were indebted to the bank, the payment of which was assumed by the El Granada Holding Company, has been foreclosed. Bank of Italy National Trust & Savings Association, successor of Bank of Half Moon Bay, became the purchaser. The Diases and the El Granada Holding Company have lost all their interest in the property and are no longer interested parties, and the title is again in the bank.

It might be said in conclusion that in the event of a new trial, appellants should see to it that more satisfactory evidence be presented upon the question of the value of the land in controversy. Upon this subject the evidence shows that when the bank made the loan to Bettencourt, the value placed thereon was between $14,000 and $15,000. The property was shortly thereafter sold under the deed of trust for $10,000, and resold to the Diases for $17,500, the bank advancing nearly all of the purchase price. Horace Nelson, the president of the bank, estimated its value to be about $13,000 in 1925. It is true, plaintiff testified he was offered $65,000 for the same, at or about the time of the original trustees' sale, by defendant Martin. Martin denied ever having offered such sum, although he testified that he afterward contracted to buy the property for $100,000, but he paid only the sum of $2,500 on his contract. It further

appears that the El Granada Holding Company, to which he transferred the property, was entirely owned and controlled by defendant Martin, and the property was subsequently foreclosed for the nonpayment of the Dias obligation, the payment of which was assumed by Martin. This evidence of value is mostly incompetent and it is unsatisfactory to say the least. The trial judge during the course of the trial so indicated in denying one of respondent's motions, for he stated in effect that he did not agree with the verdict as he knew the property and that plaintiffs had paid all or more than it was worth at the time of their purchase. He also stated that the evidence showed no fraud. His opinion concerning the value of the property is further evidenced in his rulings on the evidence, and in the instructions to the jury. If the value of the land is what appellants claim it to be, it should be a very easy matter to prove such value by competent and convincing evidence.

We do not deem a further discussion of the case to be necessary. The motion to dismiss the appeal taken from the order granting a new trial is granted and the appeal is dismissed. The judgment on the cross-complaint, quieting the title of cross-complainant to the real property described in the judgment, is affirmed.

Waste, C. J., Shenk, J., Seawell, J., Curtis, J., and Preston, J., concurred.

Rehearing denied.