[Civ. No. 7097.   Third Dist.   Oct. 31, 1945.]

ELMER E. PALM et al., Appellants, v. FRANK WEBER, as Administrator with the Will Annexed, etc., et al., Respondents.

Elmer W. Armfield, Arthur B. Eddy and Ralph H. Cowing for Appellants.

Thomas B. Leeper for Respondents.

ADAMS, P. J.—In 1933 Edward A. Palm and Wilhelmina Palm, husband and wife, were possessed of an estate of considerable value, including the entire community interest in a ranch in Sacramento County. On February 3d of that year the spouses executed a promissory note payable to Frank Weber for the sum of $31,152.30, secured by a trust deed on the Sacramento ranch. December 7, 1934, Edward A. Palm died testate, and his wife, Wilhelmina, who was the sole beneficiary under his will, was duly appointed and qualified as executrix. May 24, 1935, Weber filed a claim against the estate for said indebtedness and other items,

which was duly approved in the total sum of $44,084.95. November 20, 1934, the estate being in financial difficulties, Wilhelmina Palm resigned as executrix and upon her nomination Frank Weber was appointed and qualified as administrator of said estate with the will annexed.

At the time Weber took over the administration of the estate the property was not in a condition to produce to advantage, being planted to prune trees which had to be removed. Thereafter it was planted with hops, which crop proved profitable. Weber operated same and made various improvements for which he advanced his own moneys. June 22, 1937, Wilhelmina Palm signed a document by the terms of which she consented to and confirmed all the acts and management of Frank Weber, as administrator and also waived the reporting of any of said acts to the court or the obtaining of confirmation of said acts by the court. May 31, 1940, Mrs. Palm signed a similar document ratifying all acts of Mr. Weber performed as administrator, including the borrowing and expenditure of money, the making of improvements and the handling of the estate. No account was filed in the estate by Mr. Weber during the lifetime of Mrs. Palm. She died March 11, 1941.

December 2, 1941, E. E. Palm and Florence E. Farris, a son and a daughter of the deceased, gave notice to Mr. Weber to show cause why he should not file an account of his administration of the estate. In June, 1942, the administrator filed his first account. January 5, 1943, E. E. Palm and Florence E. Farris filed objections to that account. February 10, 1943, the administrator filed a second account. The same heirs filed objections to that account. After hearing upon said accounts, both were settled by the court December 16, 1943.

On September 20, 1943, E. E. Palm and Florence Farris filed a petition to revoke Mr. Weber's letters of administration with the will annexed; and on December 16, 1943, when the probate court made and entered its order settling the accounts of the administrator, it also made an order revoking his letters. In its order settling the accounts the court found that there was due, owing and unpaid to Weber on his claim filed in the estate the sum of $25,000 together with interest from December 21, 1942. However, said court disallowed certain items of interest with the payment of which Weber had credited himself, on the ground that said

administrator had waived such interest. From both of these orders Weber appealed, but no other appeal was taken. Decision on Weber's appeal was rendered by this court on February 26, 1945 (*Estate of Palm,* 68 Cal.App.2d 204 [156 P.2d 62]). The order revoking letters of administration with the will annexed was affirmed; but the order settling the accounts was reversed insofar as it denied the item of interest, with direction to the probate court to amend its findings and order to allow Weber all interest due and unpaid upon his claim. Hearing in the Supreme Court was denied on April 26, 1945, and on April 28, 1945, remittitur issued.

In the meantime and on or about March 5, 1943, Weber had procured notice of sale of the property under his trust deed to be given, and on the 9th day of June, 1943, E. E. Palm and Florence E. Farris had filed the present action praying that Weber render an accounting of all receipts and disbursements received and disbursed by him from the time he went into possession of the property down to the date of filing of the action and thereafter until said accounting was heard and determined.

An order to show cause why an injunction should not issue restraining defendant from proceeding with the sale of the property until such time as an accounting be had and settled, was also prayed.

Hearing on the order to show cause was had on June 28, 1943, at which time the trial court apparently made a minute order that it would deny the preliminary injunction on condition that Weber deposit the sum of $28,000 in a reputable bank in Woodland in the name of the estate of E. A. Palm, deceased, as an indemnity fund to secure the payment to the said estate of any indebtedness which the court might find he owed the said estate. On July 2, 1943, the court made and entered a written order reciting that defendant had deposited the said sum of $28,000 in the savings department of the Bank of America in Woodland, in the name of the estate of E. A. Palm, deceased, subject to the terms and conditions expressed. It therein ordered: "1. That the preliminary injunction prayed for in the complaint on file herein be, and the same is hereby, denied." It further ordered that Weber as an individual, and as beneficiary under the deeds of trust referred to in the complaint, render an accounting of all of his acts, moneys re-

ceived and moneys disbursed by him as said administrator and by virtue of his occupancy and management of the lands as beneficiary under said deeds of trust, and that he be restrained from withdrawing any of the $28,000 deposited except upon written order of the court.

On August 26, 1943, appellants appealed from the aforesaid order, their notice of appeal reciting that appellants "hereby appeal from the order of the above entitled court made herein in open court on the 28th day of June, 1943, and the written order of said court made and entered herein on the 2nd day of July, 1943, both denying plaintiffs' application and prayer for a preliminary injunction restraining the sale of the real property described in paragraph II of the complaint on file herein . . . pending the determination of the accounting prayed for by the plaintiffs in said complaint."

While the aforesaid appeal was pending the accounts of Weber were settled in the probate proceeding, and the appeal from the order of settlement was determined by this court as aforesaid. Thereupon this court ordered appellants to show cause why their appeal should not be dismissed, since the amount due Weber had been finally determined. Hearing on said motion was had, briefs were filed by both parties, and the cause was submitted.

Thereafter this court became possessed of information that subsequent to the making of the order of July 2, 1943, from which this appeal was taken, and prior to the filing of appellants' notice of appeal on August 26, 1943, certain proceedings were had in the trial court which had not been made a part of the record on appeal and which were pertinent thereto. Upon the motion of this court, said records were ordered transmitted to it and made a portion of said record under rule 12 of the Rules on Appeal. As so augmented, the record now shows that on or about August 5, 1943, appellants petitioned the trial court for an order modifying its order of July 2, 1943, insofar as said order denied a preliminary injunction, and for an order to show cause why a preliminary injunction should not issue as prayed for in their complaint; that thereupon the said court made an order, dated August 7, 1943, which provided that the order of July 2, 1943, be modified by striking therefrom "that language therein contained at line 20, page 2 thereof as follows: '1. That the preliminary injunction prayed

for in the complaint on file herein be, and the same is hereby, denied.' '' Said order also restrained and enjoined defendants from proceeding with the sale of the property described in the complaint, until the further order of the court.

From the record as so augumented it becomes obvious that appellants appealed from an order denying a preliminary injunction, which very order, on their own petition, had already been amended by striking therefrom the only portion thereof from which they appealed, and that the trial court had in fact, prior to the appeal, restrained and enjoined the sale of the property. The effect is that this court has been asked by appellants to reverse an order which the trial court had itself reversed and which had, therefore, ceased to exist.

In this state of the case we feel that it is unnecessary to determine whether the appeal had or had not become moot by reason of the accounting rendered by Weber in the probate proceedings, and that the appeal should be, and it is hereby dismissed.

Were it not for the fact that counsel who represented these appellants when the appeal was filed is gravely ill, and we have been advised that appellant Palm has recently died, we would feel justified in imposing a penalty upon appellants and their counsel for what appears to have been a frivolous appeal taken only for delay.

In addition to costs recoverable by respondent, appellants are ordered to pay to this court the cost of the records filed herein in augmentation of the record on appeal.

Peek, J., and Thompson, J., concurred.