THE COURT.
The plaintiff has appealed from two orders made by a commissioner of the Los Angeles Municipal Court releasing attachments levied at plaintiff’s direction. A bank account of the corporate defendant had been levied upon and some salary due the defendant Smith from his codefendant was garnished. Following the filing of an undertaking by the corporate defendant with the clerk of the trial court, a commissioner of that court made an ex parte order, October 19, releasing all the property of the defendant Smith from the operation of the attachment. Because the undertaking did not mention Smith, the commissioner became convinced that his order of October 19 should not have been made, and so he vacated it on October 25 by an ex parte order. A new bond had been filed, on October 25, acknowledging that the attachment affected the property of both defendants, and the commissioner made a new order, also ex parte, releasing the property of both defendants from the operation of the attachment.
The situation with which we are concerned is that of the release of an attachment following the filing of an undertaking with the clerk, after a levy, and is not to be confused with the filing of a bond with the sheriff to prevent a levy or to secure a release by the sheriff of attached property. The latter is authorized by section 540, Code of Civil Procedure, the former by sections 554 and 555. The undertaking given on October 25 is entitled “Bond on Release of Attachment sec. 555, C.C.P.,” and properly so.
Looking at sections 554 and 555, Code of Civil Procedure, *Supp. 775 we find a simple procedure clearly outlined. Whenever any defendant has appeared in an action—both defendants had appeared in this action prior to October 19—he may “upon reasonable notice to the plaintiff” apply for an order to discharge the attachment, “and upon the execution of the undertaking mentioned in [section 555], an order may be made releasing from the operation of the attachment” any or all of the property levied upon. Section 555 provides that before making the order of release the court must require an undertaking, with the terms prescribed in the section, and in an amount fixed by the court.
Now our attention shifts to those sections which determine the power of the commissioners of the Municipal Court of the Los Angeles Judicial District. Section 72706, of the Government Code, dealing with the court just mentioned, authorizes its judges to appoint four commissioners, and states that “each commissioner shall exercise the powers and perform the duties authorized by law to be performed by commissioners of the superior court. ...” As there are 58 superior courts in the state, the reference to “the superior court” is not a happy one. If the intention is to give to the court commissioners of the Los Angeles Municipal Court the same authority as that entrusted to superior court commissioners generally, then they are empowered to hear and determine ex parte motions for orders and writs but “only in the absence or inability to act of the judge or judges of the superior court.” (Code Civ. Proc., § 259.) We take judicial notice of the fact that at no time are all the judges of the Los Angeles Municipal Court, 42 in number, absent or unable to act. We are inclined to conclude, therefore, that the reference in section 72706, Government Code, to “the superior court” is to that court in Los Angeles County. So interpreted, we find that the power given to the commissioners of the Los Angeles Municipal Court is not limited to periods when all its judges are unable to act, for there is no such limitation upon the power of the Los Angeles Superior Court commissioners (§ 259a).
This construction, although it removes one limitation upon the powers given to the commissioner whose orders are under review, is not sufficient to save the orders, for the power is still “to hear and determine ex parte motions for orders and alternative writs. ’ ’ But, as we have already discovered, a defendant who would apply for an order to discharge an attachment may do so “upon reasonable notice to the plaintiff.” *Supp. 776 (Code Civ. Proc., § 554.) “An application for an order is a motion,” defines section 1003 of the Code of Civil Procedure. A motion to discharge an attachment, made under section 554, is not one of the motions that may be made ex parte, therefore, and as a consequence, is not one of those that a court commissioner is authorized to hear.
It has been argued that the authority given the court commissioner “To take and approve bonds and undertakings, whenever the same may be required in actions or proceedings . . . and to examine the sureties thereon when an exception has been taken to their sufficiency, ” found in both sections 259 and 259a, somehow carries with it the power to order the discharge of the attachment. We find no persuasive force in the argument. . The course of events is clearly outlined. Before a motion for an order of discharge may be granted, an order must be made requiring an undertakng and fixing its amount. When this is furnished it may, if the court wishes, be referred to and approved by a commissioner, and the sureties may justify before him, if excepted to. Only after the undertaking is given may the order releasing the attachment be made. But as this order is authorized only if requested “upon reasonable notice to the plaintiff,” it may not be made ex parte, by a court commissioner, but only by a judge of the court, upon notice.
The failure to give notice, when required, may be waived, but as lack of authority may not be conferred by a waiver, (Norton v. Baranov (1935), 4 Cal.2d 443, 444 [50 P.2d 67, 68]) the action taken by the plaintiff in this case in making a futile attempt to have the corporate surety justify, did not serve to confer upon the commissioner the power he did not have, to order the attachment released.
“An order made out of court, without notice to the adverse party, may be vacated or modified, without notice, by the judge who made it . . .” (Code Civ. Proc., § 937). Prom this, we conclude, the commissioner who made the ex parte order of October 19, had authority to make an ex parte order setting it aside. It follows that the order of October 19 is no longer effective, and the appeal from that order should be, and it is, dismissed. (Palm v. Weber (1945), 71 Cal.App.2d 481, 485 [162 P.2d 863, 865].) The order of October 25 attempting to release the property of the defendants from the operation of the attachment is reversed. Appellant shall have his costs on appeal.