THE COURT.
The defendant Morris Bowman and the defendant and cross-complainant Macmorris Sales Corporation appeal from that portion of the judgment below which adjudges that plaintiff Bill Benson Motors, Inc., have and recover from defendant Macmorris Sales Corporation the sum of $4,253.27 damages and $103.25 costs and which dismisses defendant Macmorris Sales Corporation’s cross-complaint against plaintiff. The trial or hearing was had in the absence of said appellants pursuant to Code of Civil Procedure, section 594. The other defendant Mack Kozak does not appeal.
Appellants assign two grounds for appeal: (1) Macmorris Sales Corporation’s cross-complaint ousted the case from the subject matter jurisdiction of the municipal court, and (2) the commissioner who heard or tried the case was not a duly constituted judge pro tempore and hence was not a competent judicial officer to decree the judgment.
The plaintiff’s complaint against defendant Mack Kozak, Morris Bowman, and the Macmorris Sales Corporation was for money damages, alleging a breach of a contract whereby defendants agreed to purchase 11 automobiles for $28,650, from plaintiff, acknowledging a redelivery of the automobiles, but alleging a resultant loss of $5,000. All three of the aforementioned defendants answered.
Concurrently with his answer, defendant Kozak filed a pleading labelled “cross-complaint” against his codefendants Macmorris Sales Corporation and Morris Bowman and named *940 a Celia Bowman as a third cross-defendant. Morris Bowman defaulted on this cross-complaint.
Concurrently with its answer, defendant Macmorris Sales Corporation also filed a pleading labelled ‘ cross-complaint for a permanent and preliminary injunction” against plaintiff Bill Benson Motors, Inc., who in turn answered the same.
Notice of trial was served on appellants on May 28, 1964, and pursuant to said notice the ease came on for trial almost a full year later on May 14, 1965, when the case was called at 9 a.m. by Presiding Judge Francis A. Cochran in Division 1 (Master Calendar Dept.) of the municipal court. Defendant Mack Kozak appeared in propria persona and thereafter was present at all times during the trial. Attorney Max Gewirtz, an associate of Fairfield & Bichman, appellants’ attorneys of record, appeared with defendant Morris Bowman, who is also president of the defendant Macmorris Sales Corporation, and sought a continuance of the trial on grounds that attorney Joseph Fairfield who was scheduled to try the case was absent in Europe where he had gone with his fraternal group. Attorney Gewirtz had previously on October 5, 1964, represented appellants when plaintiff’s counsel took the deposition of co-defendant Mack Kozak.
Judge Cochran denied a continuance of more than two hours and ordered appellants to be ready to proceed to trial at the 11 a.m. call of the calendar. In the course of leaving Division 1 after the 9 a.m. calendar call, attorney Gewirtz told plaintiff’s counsel that he (Gewirtz) was leaving the courthouse with his client (Morris Bowman) and would not appear at the 11 a.m. calendar call. And when appellants failed to appear at 11 a.m., Judge Cochran transferred the ease to division 6 of the municipal court “to be heard as a default.”
Upon their arrival in division 6, plaintiff’s counsel and defendant Kozak appearing in propria persona signed a stipulation that Municipal Court Commissioner Herbert Hargrave hear the case as a judge pro tempore of the municipal court. Trial then proceeded pursuant to Code of Civil Procedure, section 594 with defendant Kozak present, but in the absence of appellants. Evidence oral and written was taken. Thereafter judgment was rendered and entered “that plaintiff Bill Benson Motors, Inc., recover from defendant Macmorris Sales Corp. the sum of $4,253.27 damages . . . together with costs in the sum of $103.25” and “Both cross-complaints dismissed.”
The clerk’s minutes show: (1) the complaint against defend *941 ant Kozak was dismissed on plaintiff’s motion, (2) Kozak’s cross-complaint was dismissed on Kozak’s motion, and (3) Macmorris Sales Corporation’s cross-complaint against plaintiff was dismissed for lack of prosecution on plaintiff’s motion.
With this background, we return to a consideration of appellants’ first assigned ground of appeal, namely, ouster of jurisdiction.
The complaint alleges a breach of contract and asks for money damages in the amount of $5,000; the ease at this stage was an action at law within the exclusive original jurisdiction of the municipal court. (Code Civ. Proc., § 89, subd. 1 (a).)
The cross-complaint of defendant Macmorris Sales Corporation was against the plaintiff only. While it was labelled a “Cross-complaint for a permanent and preliminary injunction” all it sought was that the drafts (11 automobile purchase drafts) mentioned by plaintiff in Paragraph VIII of its complaint be taken up by the court for safekeeping pending litigation and destruction thereafter by the clerk, so as to prevent plaintiff from negotiating same. This is relief which a court of law (as distinguished from equity) customarily gives in course of rendering a money judgment on contracts involving written instruments. Where rights on a written instrument are merged into a judgment, the clerk is under a duty to take up such instruments and to note such merger on the instruments. (Cal. Rules of Court, rule 522.) In fact, such notation stamp has been put on the said eleven drafts which were introduced in the trial as part of Exhibit 1.
In the determination of subject matter (equity or common law) jurisdiction, the courts are not bound by labels put on a pleading (Fearey v. Gough (1943) 61 Cal.App.2d 778, 779 [143 P.2d 711]), nor by the caption of the pleading or prayer (Hutchason v. Marks (1942) 54 Cal.App.2d 113, 114 [128 P.2d 573]), but by its substance (Philpott v. Superior Court (1934) 1 Cal.2d 512, 526 [36 P.2d 635, 95 A.L.R. 990]).
Even if the request for a permanent injunction be deemed one appropriately addressed to the equitable power of the court, it is defensive in nature and any equitable defense is within the jurisdiction of the municipal court. (Code Civ. Proc., § 89, subd. 2.) Temporary and preliminary injunctions ancillary to an action otherwise within the jurisdiction of the municipal court are granted to that court by Code of Civil Procedure, section 89, subdivision 1 (g).
*942 Both the matters set up by cross-complainant Macmorris Sales Corporation and cross-complainant Kozak are purely defensive in nature and within the ambit of the rulings in Jacobson v. Superior Court (1936) 5 Cal.2d 170 [53 P.2d 756] and Gardenswartz v. Equitable Life Assur. Soc. of the U.S. (1937) 23 Cal.App.2d Supp. 745 [68 P.2d 322].
So far as the cross-complaint of Kozak is concerned, appellants are in no position to raise any issue with reference to same on this appeal; the notice of appeal insofar as dismissals of cross-complaints are concerned limits itself to “dismissing the cross complaint of cross complaint [sic] Macmorris Sales Corporation.” Moreover, Kozak’s cross-complaint was dismissed on Kozak’s motion. But even considered on its merits, it is in substance no more than a precautionary elaboration of the Third affirmative defense of his answer that he was merely the known agent of a disclosed principal, and hence tantamount to only a request for indemnity across and against codefendants Macmorris Sales and Morris Bowman in the event that the court should find against him on plaintiff’s complaint. It is not a request for declaratory relief.
We, therefore, conclude that the case properly remained in the municipal court for trial and adjudication on its merits.
We further conclude that appellants’ second assigned ground of appeal is without merit: (1) Commissioner Hargrave was duly constituted a judge pro tempore of the municipal court, and (2) if we be in error upon his qualification as a judge pro tempore, he in his capacity qua commissioner was duly authorized by law to hear and adjudicate this case.
Bach commissioner of the Municipal Court of the Los Angeles Judicial District must possess the same qualifications as the law requires of a judge of that court. (Gov. Code, § 72706). And such a commissioner has the same analogous powers with reference to municipal court matters as a Los Angeles Superior Court Commissioner has with reference to superior court affairs. (Oppenheimer v. Union Pac. R.R. Co. (1955) 133 Cal.App.2d Supp. 773, 775 [284 P.2d 208].) And the form of stipulation to be executed to constitute a commissioner a judge pro tempore is different from that to constitute an attorney such a judge. (See: Cal. Buies of Court, rule 532 (a) and (b).)
In this ease the necessary stipulation was signed by the parties who appeared for trial in Division 1 at the call *943 of the 11 a.m. calendar and in Division 6 after the transfer of the case to that division “to he heard as a default” (to use the words appearing in the clerk’s minutes). In Barfield v. Superior Court (1963) 216 Cal.App.2d 476, 479 [31 Cal.Rptr. 30], it was held that one whose default has been entered at a date prior to the hearing is not a “party litigant” as that term is used in article VI, section 5 of the California Constitution providing for superior and municipal court judges pro tempore, and therefore the stipulation need not be executed by such a person to constitute a superior court commissioner a judge pro tempore of that court. The appellants, however, contend that there is no default where answering pleadings have been filed, and it is true that California cases have held that judgments following an uncontested hearing after answer filed are not default judgments.
However, speaking of a trial or hearing pursuant to Code of Civil Procedure, section 594 in absence of a party failing to appear for trial, it has been said, “A proceeding taken against him [a party] in his absence is in the nature of a default.” (Sheldon v. Landwehr (1911) 159 Cal. 778, 782 [116 P. 44]). Indeed, a default in a legal sense is not confined to failure to file pleadings; for certain purposes it means a failure to appear at trial, as well. Black’s Law Dictionary (4th ed. 1951), page 505 states in part in defining “Default”: “When a defendant in an action at law omits to plead within the time allowed him for that purpose, or fails to appear on the trial, he is said to Make Default. . . .” (Italics added.)
In construing a statute which barred a right of appeal from forcible entry and detainer “judgments entered by default,” the Supreme Court of Nebraska held that a judgment entered following a legal appearance but upon failure to appear for trial was a judgment by default and that appeal was barred. It reviewed cases from various jurisdictions holding that a failure to appear at trial was a legal default. (Sporer v. Herlik (1954) 158 Neb. 644 [64 N.W.2d 342, 346-347].) It said on page 347 [64 N.W.2d], “To hold otherwise would . . . permit litigants to toy with courts . . . .” Certainly, if we held as appellants here contend, they would be toying with Judge Cochran’s order denying a continuance, which order they have not attacked on this appeal as having been made in abuse of judicial discretion. It would permit litigants to obstruct the efficiency of courts in Los Angeles in disposing *944 of judicial business with efficiency and vigor. (See Estate of Kent (1936) 6 Cal.2d 154, 158-159 [57 P.2d 901].) There is a proper safeguard in that the selection of such a judge pro tempore is “subject to the approval of the court in which said cause is pending and shall also be subject to such regulations and orders as may be prescribed by the Judicial Council” (Cal. Const., art. VI, § 5). (Estate of Kent, supra, at pp. 158-159.) We conclude that the phrase “parties litigant or their attorneys of record” does not include parties or attorneys who wilfully remain away from the trial of a cause as appellants and their counsel did in this case. This being a civil case, they cannot be held in contempt, but there is no injustice in ruling that they waived their rights to object to the appointment of the commissioner as a judge pro tempore in this case by their wilful absence. (Cf. Unger v. Los Angeles Transit Lines (1960) 180 Cal.App.2d 172 [4 Cal.Rptr. 370, 5 Cal.Rptr. 71], where a default judgment was upheld for failure to answer interrogatories.)
Even if we be in error in holding Commissioner Hargrave a duly constituted judge pro tempore, nevertheless as a commissioner of the municipal court he had the legal power to render and enter the judgment in this ease in his capacity as a commissioner. (West v. U.L.C. Corp. (1965) 232 Cal.App.2d 85, 89-91 [42 Cal.Rptr. 603].) Even though we preserve the distinction between default cases and uncontested cases, there can be no doubt that the hearing or trial held in this ease was an uneontested hearing so far as appellants are concerned. In the West case, it was held that a judgment by a commissioner was valid upon the theory that Code of Civil Procedure, section 166 gives the judge the power to hear and determine all uncontested actions in chambers (with certain exceptions not pertinent here); that commissioners have all powers that a judge has in chambers (Estate of Roberts (1942) 49 Cal.App.2d 71, 76-77 [120 P.2d 933]); and that when ordered by the court appointing him to do so, a commissioner may hear and determine uncontested actions and proceedings (other than domestic relations actions) (Code Civ. Proc., § 259a, subd. 6.) Hence, even if it be assumed arguendo that his appointment as a judge pro tempore was defective, nevertheless Commissioner Hargrave as a commissioner of the municipal court still had the legal power to hear and render judgment against the wilfully absent appellants in this case.
The judgment is affirmed as to the appellants, and each of them; respondent is awarded costs on appeal.